### NEW ENGLAND FREIGHT HANDLING CO., Inc., v. HASSETT, Collector of Internal Revenue.
### No. 414.

District Court, D. Massachusetts.
June 12, 1940

---

La Rue Brown and Brown, Field & McCarthy, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Thomas G. Carney, Sp. Assts. to Atty. Gen., for defendant.

McLELLAN, District Judge.

In this action to recover taxes collected from the plaintiff under the Carriers Taxing Act of 1937, 45 U.S.C.A. §§ 261–273, all things have happened entitling the plaintiff to maintain the action unless, within the meaning of that Act, the plaintiff was directly or indirectly controlled by a carrier. This much is conceded in the defendant's brief, which states that the question presented is "whether the plaintiff company is directly or indirectly controlled by a carrier within the meaning of the Carriers Taxing Act of 1937." The pertinent provisions of the Statute and of the Regulation applicable thereto follow:

Carriers Taxing Act of 1937, c. 405, 50 Stat. 435.

"Section 1. That as used in this Act [subchapter]—

"(a) The term 'employer' means any carrier (as defined in subsection (i) of this section), and any company which is directly or indirectly owned or controlled by one or more such carriers or under common control therewith, and which operates any equipment or facility or performs any service (except trucking service, casual service, and the casual operation of equipment or facilities) in connection with the transportation of passengers or property by railroad, or the receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, or handling of property transported by railroad. * * *

"(i) The term 'carrier' means an express company, sleeping-car company, or carrier by railroad, subject to part I of the Interstate Commerce Act [sections 1 to 27 of Title 49]." U.S.C.Supp. V, Title 45, § 261, 45 U.S.C.A. § 261.

Regulations 100, Article 2.

"The term 'controlled' includes direct or indirect control, whether legally enforceable and however exercisable or exercised. The control may be by means of stock ownership, or by agreements, licenses, or any other devices which insure that the operation of the company is in the interests of one or more carriers. It is the reality of the control, however, which is decisive, not its form nor the mode of its exercise."

Findings of Fact.

The plaintiff paid the taxes in question, duly filed a claim for refund, and all essentials of the plaintiff's cause of action here exists, unless the plaintiff was controlled by a carrier within the meaning of the Carriers Taxing Act. Summarily stated, the facts relevant to this question of control are as follows:

The plaintiff is a Maine corporation with its usual place of business in Boston, Massachusetts. All its stock, consisting of three shares, is owned by William S. Booth, Inc. In 1906, Edwin S. Booth had entered into a contract which in 1910 was superceded by another contract with the New York Central and Hudson River Railroad Company, Lessee of the Boston and Albany Railroad, to handle the freight of the Railroad on the East Boston docks. William S. Booth, Inc. (which as above stated owns all the stock of the plaintiff New England Freight Handling Company, Inc.), was organized in 1931 and took over the contract rights of Edwin S. Booth, evidenced by his contract with the Railroad (Exhibit 3), which is incorporated herein by reference. If any question of fact is here presented, I find upon the basis of this contract and the evidence with ref-

erence to it that the original relationship between the Railroad and Booth and the later relationship between the Railroad and William S. Booth, Inc., was that of contractee and independent contractor. By oral arrangement, the freight handling for which the contract provided was done for William S. Booth, Inc., by the plaintiff. For this work, the Railroad paid the Booth company, which had considerable other sources of business and income, and the Booth company in turn paid the plaintiff.

In so far as a question of fact is here involved, I find that the plaintiff was not a carrier and was not "directly or indirectly owned or controlled" by a carrier within the meaning of the Carriers Taxing Act of 1937.

The taxes which the plaintiff seeks to recover amounting to $3,338.30 were paid by the plaintiff on September 6, 1939, to the defendant.

### Conclusions of Law.

The plaintiff was not properly taxable under the Carriers Taxing Act of 1937, and the assessments and collection of the taxes in question were not in accordance with law. The plaintiff is entitled to recover from the defendant the sum of $3,338.30 and interest.

Judgment is to be entered for the plaintiff in that sum with interest according to law.